**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2797
_____

EDGAR ADALY DIAZ LOPEZ,
                                                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A087-899-379)
Immigration Judge: Audra Behne


_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 17, 2021

Before: CHAGARES, *Chief Judge*, and BIBAS and FUENTES, *Circuit Judges*

(Filed: December 21, 2021)
_____

**OPINION**[*]
_____

BIBAS, *Circuit Judge*.

If a party loses in three different ways, he cannot win by appealing only one. That is

what happened here. Edgar Diaz Lopez is a Guatemalan citizen. In 2009, his brother Jose

witnessed two murders and was himself murdered. The killers then threatened Diaz too,

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

telling him to leave Guatemala or be killed. Diaz fled to the United States but was stopped at the border and removed to Guatemala.

Upon his return, Diaz relocated elsewhere in Guatemala to avoid trouble. Still, the killers threatened and shot at him. This time, he went to the police but did not identify the assailants. Without their names, police could not do much to protect him. So he returned to the United States illegally.

In 2019, Diaz was caught again in this country and his previous removal order was reinstated. This time, Diaz expressed fear of returning to Guatemala. He sought withholding of removal as a witness to violent crime and as a member of a targeted family. He also invoked protection under the Convention Against Torture.

After a video hearing, the immigration judge rejected both claims. 8 U.S.C. § 1229a(b)(2)(A)(iii) (authorizing videoconferencing); 8 C.F.R. § 1003.25(c) (same). She rejected his withholding claim for three reasons: First, he had not shown that the Guatemalan government was "unable or unwilling" to stop any persecution. *Galeas Figueroa v. Att'y Gen.*, 998 F.3d 77, 86–87 (3d Cir. 2021) (internal quotation marks omitted). Second, the judge thought he could have stayed safe by relocating within Guatemala again, as his parents had done. *See* 8 C.F.R. § 208.16(b)(1)(i)(B). And finally, potential witnesses are not a distinct social group. Nor were most families, under *Matter of L-E-A-*, 27 I&N Dec. 581, 582 (A.G. 2019). The judge also rejected his Convention claim because she found no proof that the Guatemalan government would acquiesce in his torture. *See* 8.C.F.R. § 208.18(a)(7).

2

Diaz appealed only some of these rulings. He disputed the refusal to consider family or witness status. But he did not dispute that he could have relocated. Nor did he argue that the Guatemalan government was unable or unwilling to protect him. With those points forfeited, the Board of Immigration Appeals held that even if he were credible, Diaz could not show that he merited withholding. It also agreed that he did not belong to a protected social group. The Board affirmed the denial of relief under the Convention.

Diaz now petitions us for review. We have jurisdiction under 8 U.S.C. § 1252. We review the Board's decision for substantial evidence. *Dia v. Ashcroft*, 353 F.3d 228, 247–49 (3d Cir. 2003) (en banc).

On appeal, Diaz's withholding claim is stronger in one way: as he had hoped, the current Attorney General has walked back a prior decision restricting when family status counts as a protected social group. *See Matter of L-E-A-*, 28 I&N Dec. 304 (A.G. 2021) (vacating *Matter of L-E-A-*, 27 I&N. Dec. 581 (A.G. 2019)). But that does not save him. Diaz still cannot show eligibility because he failed to appeal the immigration judge's findings on relocation and persecution. So he forfeited both arguments; we thus lack jurisdiction to review them now. *Lin v. Att'y Gen.*, 543 F.3d 114, 120–21 (3d Cir. 2008). And losing either is fatal to his petition.

Diaz's Convention claim fares no better. True, he provided evidence that Guatemala has only "weak" mechanisms for reporting torture. AR 294. And he noted "reports alleging" that government workers may have used torture at one Guatemalan hospital. *Id.* But this country-conditions evidence was insufficient to establish that Guatemala would acquiesce in *his* torture. Instead, Diaz needed other "circumstantial evidence" tying a general

risk of torture to his own situation. *See Pieschacon-Villegas v. Att'y Gen.*, 671 F.3d 303, 311 (3d Cir. 2011), *abrogated on other grounds by Nasrallah v. Barr*, 140 S. Ct. 1683 (2020).

Here, circumstantial evidence cuts against acquiescence. As the Board noted, "the [Guatemalan] police documented [his] complaint and offered what protection they could with the limited information they had about the incident." AR 5. Their response does not suggest acquiescence or willful blindness to torture, so Diaz has no right to protection under the Convention. We will thus deny his petition for review.